BAYRON, RECURRENTE, *v.* EL REGISTRADOR DE MAYAGÜEZ, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Mayagüez inscribiendo con defecto subsanable una escritura de segregación y venta.

No. 317.—Resuelto en julio 9, 1917.

SEGREGACIÓN Y VENTA—IDENTIDAD DE LA FINCA—FOLIOS, TOMO Y NÚMERO DE LA INSCRIPCIÓN—DEFECTO SUBSANABLE.—El hecho de que se exprese en el documento presentado al registrador para su inscripción que la finca principal de donde se segrega el solar vendido se halla inscrita a nombre del vendedor en determinados folios, tomo y número, cuando dicha finca se encuentra registrada a favor del vendedor pero en folio, tomo y número distintos, no es un error que afecte a la validez del título, ni constituye defecto subsanable. Dicho error quedó aclarado por los demás datos constantes en la escritura y en el registro que permitieron identificar la finca sin dificultad.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José Sabater.*

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal:

Elena Trabal, asistida de su esposo, vendió a Manuel de la Cruz Bayron, por escritura pública, un solar que se describe debidamente.   Presentada la escritura en el registro, el registrador la inscribió pero con el "defecto subsanable de expresarse en el documento que la finca principal de donde se segregaba el solar vendido, se halla inscrita a nombre de la vendedora, al folio 56 del tomo 121º. de esta ciudad, finca número 4723, inscripción 1ª., no siendo así, pues dicha finca principal se halla registrada al folio 166 del tomo 122º. de este Ayuntamiento, finca número 4756, inscripción 1ª."

Conviene el comprador, que es el que ha interpuesto el presente recurso gubernativo, en que en la escritura de que se trata se cometió el error que señala el registrador, pero alega que tal error no constituye defecto subsanable alguno.

Del expediente aparece que existía una finca inscrita en el registro de la cual se segregó una porción de cuatro cuerdas que se vendió a Elena Trabal; que la venta de las cuatro cuerdas también se inscribió en el registro; que Elena Trabal segregó después de su finca de cuatro cuerdas un solar que vendió a Bayron; que al hacerse la referencia en la escritura de la venta del solar a la inscripción de la finca de la cual se segregaba, se consignaron los números correspondientes a la finca de la cual se segregó la de cuatro cuerdas y no los que se referían a ésta; que al presentarse para su inscripción en el registro la escritura de venta del solar, se advirtió el error indicado; pero como la finca vendida estaba perfectamente identificada por los otros datos consignados en la escritura, el registrador se decidió a inscribirla en la forma de que se deja hecho mérito.

El artículo 65 de la Ley Hipotecaria expresa que "serán faltas subsanables las que afecten a la validez del mismo título, sin producir necesariamente la nulidad de la obligación en él constituída."

¿Afecta el error cometido en este caso a la validez del título?   En manera alguna a nuestro juicio.   Se trata de un

simple error que quedó de hecho corregido por la misma inscripción. Nada falta para que la finca vendida se entienda transmitida totalmente por la vendedora al comprador. Ningún perjuicio podrá sobrevenir a un comprador subsiguiente.

El registrador debió aclarar el error de algún modo, pero hecho esto no pudo consignar la existencia de un defecto subsanable, porque si algún defecto existió quedó subsanado por la acción misma del registrador recurrido.

Se revoca la nota en cuanto al defecto subsanable apuntado.

> *Revocada la nota recurrida en cuanto al defecto subsanable apuntado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.